**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUL 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DIEGO APARECIDO NUNES ARAUJO;
JULIA GRACIELIA GOMES CAJADO;
V.C.N.A,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-4239

Agency Nos.
A216-909-438
A216-909-439
A216-909-440

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2025[**]
Seattle, Washington

Before: PAEZ and SANCHEZ, Circuit Judges, and SELNA, District Judge.[***]

Diego Aparecido Nunes Araujo, his wife Julia Graciela Gomes Cajado, and

their minor daughter, V.C.N.A., (collectively, "Petitioners"), natives and citizens

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

of Brazil, seek review of a decision denying their claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] The Board of Immigration Appeals summarily affirmed the Immigration Judge's ("IJ") decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4). Accordingly, we review "the IJ's decision as we would that of the Board." *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004). "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted). Under the substantial evidence standard, we uphold the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1218 (9th Cir. 2022) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Substantial evidence supports the agency's denial of Petitioners' asylum and withholding of removal applications because they have not demonstrated that the single threat Nunes Araujo experienced amounts to past persecution or establishes a well-founded fear of future persecution. Persecution is an "extreme concept, marked by the infliction of suffering or harm . . . in a way regarded as offensive." *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en

---

[1] Nunes Araujo is the lead petitioner. His wife and daughter each filed their own applications for asylum and related relief based on Nunes Araujo's claims and were listed as derivative beneficiaries on his asylum application.

banc) (cleaned up). When the basis of claimed harm is a threat, the agency is required to consider "whether the group making the threat has the will or the ability to carry it out." *Aden v. Wilkinson*, 989 F.3d 1073, 1083 (9th Cir. 2021) (quoting *Kaiser v. Ashcroft*, 390 F.3d 653, 658 (9th Cir. 2004)). Threats "constitute 'persecution in only a small category of cases,'" such as "'when the threats are so menacing as to cause significant actual suffering or harm,'" or where "threats are repeated, specific, and 'combined with confrontation or other mistreatment.'" *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000)).

Substantial evidence supports the IJ's determination that the single threat by two unknown individuals did not rise to the level of past persecution. Nunes Araujo testified that the threat was made for the sole purpose of extorting him, and the two individuals did not say that they would harm him or his family. *See id.* ("[C]ases with threats alone, particularly anonymous or vague ones, rarely constitute persecution."). The IJ reasonably found that Nunes Araujo's assertion that these individuals were drug dealers capable of carrying out their threat was unsubstantiated. Nunes Araujo testified that he did not recognize who they were and that their motivation was solely monetary. He did not see the individuals again and was not threatened further. The record does not compel the conclusion that the

23-4239

threat Nunes Araujo experienced amounted to past persecution.[2]

Petitioners have also not shown a well-founded fear of future persecution because the evidence establishes that they can reasonably relocate within Brazil. *See* 8 C.F.R. § 1208.13(b)(2)(ii); *Kaiser*, 390 F.3d at 659 (stating that an applicant is ineligible for asylum if relocation is reasonable under all the circumstances). The IJ found that such relocation would "significantly mitigate any possible risk of harm" and it would be safe and "reasonable to expect" Petitioners to do so. Petitioners develop no argument challenging this conclusion in their petition for review. Nunes Araujo was not physically harmed in Brazil and merely testified that he believed the men could find him. Accordingly, substantial evidence supports the denial of Petitioners' applications for asylum and withholding of removal. *See Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal . . . .").

2.   Substantial evidence also supports the denial of Petitioners' applications for CAT relief. The single threat directed at Nunes Araujo does not amount to torture. *See* 8 C.F.R. § 1208.18(a)(2) (defining torture as "an extreme

---

[2] Our holding does not depend on the standard of review. *See Flores Molina*, 37 F.4th at 633 n.2 (observing that we have been inconsistent in what standard of review applies to whether acts rise to the level of persecution). We would reach the same result reviewing de novo the agency's past persecution determination.

form of cruel and inhuman treatment"). Petitioners identify no evidence indicating that they are likely to be tortured upon their return to Brazil. Instead, they argue only that "black Brazilians" are more likely to experience harsher treatment by police and private actors than non-black Brazilians. Moreover, Petitioners' country conditions evidence, consisting of reports discussing increased general and drug-related violence, establishes neither a particularized risk of torture nor that the government would acquiesce in Petitioners' torture. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) ("The record must show that it is more likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture." (emphasis in original)); *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2020) ("Generalized evidence of violence in a country is itself insufficient to establish that anyone in the government would acquiesce to a petitioner's torture.").

**PETITIONS DENIED.**[3]

---

[3] The temporary stay of removal shall remain in place until the mandate issues.

23-4239